SACCO & FILLAS, LLP
Luigi Brandimarte (LB-8388)
Brian S. Vidas (BV-6920)
31-19 Newtown Avenue, 7th Floor
Astoria, New York 11102
(718) 746-3440
*Attorneys for Plaintiff*

**CV 12 4799**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ORLANDO GIRALDO, *individually and on behalf of others similarly situated*, <br><br> Plaintiff, <br><br> -against- <br><br> AMIGO 99 CENTS, INC. <br><br> Defendant. | Case No. **BLOCK, J.** <br><br> ECF CASE <br><br> **COMPLAINT**  SCANLON, M.J. <br><br> FLSA COLLECTIVE ACTION |

*2012 SEP 25 PM 2:25  FILED CLERK  U.S. DISTRICT COURT EASTERN DISTRICT OF NEW YORK*

Plaintiff Orlando Giraldo, on behalf of himself and others similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendant conducts business in this District and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

3. Plaintiff Orlando Giraldo ("Giraldo") is a New York resident and was employed by Defendant as a security guard at its place of business.

4. Upon information and belief, Defendant Amigo 99 Cents, Inc. ("Defendant") is a corporation organized under the laws of the State of New York, with a registered address at 78-14 Roosevelt Ave., Unit A, Jackson Heights, New York 11372.

5. Upon information and belief, Defendant is an enterprise engaged in commerce or in the production of goods for commerce whose annual gross volume of sales made or business done is not less than $500,000.

## FLSA COLLECTIVE ACTION ALLEGATIONS

6. Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendant in any hourly position, including but not limited to, cashiers, security, floor attendants, or other similar positions on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

7. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and time and a half rates for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

8. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## FACTS

9. Defendant committed the following acts knowingly and willfully.

10. Defendant knew that nonpayment of all wages owed, minimum wages and overtime wages would economically injure Plaintiff and violate federal and/or state laws.

11. Plaintiff worked as a security guard for Defendant during the period October 1, 2012 through April 22, 2011.

12. Throughout Plaintiff's employment with Defendant, Defendant failed to pay him for all hours that he worked.

13. Plaintiff was not required to clock in or out during the time he worked for Defendant.

14. At no time during Plaintiff's employment did Defendant provide him with any statement reflecting the amount of hours, his rate of pay, or the deductions, if any, that were taken during each workweek.

15. Plaintiff regularly worked more than forty (40) hours per week during his tenure with Defendant, but did not receive any overtime pay for those hours nor was he paid time and one half his regular rate.

16.  Plaintiff regularly commenced working at 9:00am and worked until 9:00pm daily Monday through Saturday.

17.  Plaintiff sustained substantial losses from Defendant's failure to pay him for all hours worked and its failure to pay him proper overtime compensation.

18.  Upon information and belief, other employees who worked for Defendant and who are FLSA Collective Plaintiffs were subjected to the same policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of Defendant.

19.  Defendant, though its corporate management, deliberately trained, supervised, instructed, and authorized managerial employees to engage in the above unlawful practices and have ratified their actions thereafter, in order to enhance corporate profits and reduce their labor costs.

**FIRST CLAIM FOR RELIEF**
**(FLSA Minimum Wage and Record Keeping**
**Violations, 29 U.S.C. §§ 201 *et seq.***
**Brought by Plaintiff and on Behalf of himself**
**and the FLSA Collective Plaintiffs)**

20.  Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs.

21.  Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed Plaintiff, and continues to employ the FLSA Collective Plaintiffs as "employees" within the meaning of the FLSA.

22. Moreover, Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendant was an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 whose annual gross volume of sales made or business done was not less than $500,000.

23. Throughout the statute of limitations period covered by these claims, Defendant knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

24. At all relevant times, Defendant has had, and continues to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiff and FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

25. At all relevant times, Defendant willfully, regularly and repeatedly failed and continue to fail to make, keep and preserve accurate records required by the FLSA with respect to Plaintiff and the other FLSA Collective Plaintiffs, including records sufficient to accurately determine the wages and hours of employment pertaining to Plaintiff and the other FLSA Collective Plaintiffs.

26. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

<div style="text-align:center">

**SECOND CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.***
**Brought by Plaintiffs and on Behalf of Themselves**
**and the FLSA Collective Plaintiffs)**

</div>

27. Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs.

28. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

29. At all relevant times, Defendant has had, and continues to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay the Plaintiff and the FLSA Collective Plaintiffs at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the Plaintiff and the FLSA Collective Plaintiffs have been and are entitled to overtime.

30. At all relevant times, Defendant willfully, regularly, and repeatedly failed, and continues to fail to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

31. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(New York Minimum Wage Act, N.Y. Stat. §§ 650 *et seq.*)**

32. Plaintiff realleges and incorporates by reference all previous paragraphs.

33. Defendant knowingly and willfully failed to pay Plaintiff the New York minimum wage for all hours worked.

34. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained compensatory and liquidated damages, including loss of earnings,

in an amount to be determined at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
### (New York Minimum Wage Act, N.Y. Stat. §§ 650 *et seq.*)

35. Plaintiff realleges and incorporates by reference all previous paragraphs.

36. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

37. At all relevant times, Defendant willfully, regularly, and repeatedly failed, and continue to fail to pay Plaintiff at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

38. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained compensatory and liquidated damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

### FIFTH CLAIM FOR RELIEF
### (New York Notices and Record-Keeping Requirements
### N.Y. Lab. Law §§ 190 *et seq.*)

39. Plaintiff realleges and incorporates by reference all previous paragraphs.

40. By failing to give proper notice to Defendant and to maintain proper recordkeeping requirements pursuant to N.Y. Lab. Law §§ 190, *et seq.*, Defendant is liable to Plaintiff for civil penalties and costs.

41. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff have sustained damages, including the loss of earnings, in an amount to be

established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all other covered employees, pray for relief as follows:

    A.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

    B.    Certification of this action as a collective action brought pursuant to the FLSA § 216(b);

    C.    Designation of Plaintiff as representative of the FLSA Collective Plaintiffs;

    D.    An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

    E.    Costs of action incurred herein, including expert fees;

    F.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and other applicable statutes;

    G.    Prejudgment and post-judgment interest, as provided by law; and

    H.    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Astoria, New York
September 13, 2012

**SACCO & FILLAS, LLP**

By: ______________________
Luigi Brandimarte (LB-8388)
Brian S. Vidas (BV-6920)
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440

*Attorneys for Plaintiff, proposed collective action members*

**DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and others similarly situated, hereby demands a jury trial on all causes of action and claims with respect to which they have a right to a jury trial.